RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/3/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PETER CANISIUS DAMARVILLE | CIVIL ACTION 1:11-2181 |
| VERSUS | |
| DAVID COLE, et al. | JUDGE DEE D. DRELL MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by petitioner Peter Canisius Damarville ("Damarville") on December 17, 2011 (Doc. 1). Damarville, a native and citizen of St. Lucia, contests his continued detention since January 23, 2011 by the United States Immigration and Customs Enforcement (ICE) pending his removal from the United States to St. Lucia. At the time he filed the instant petition, Damarville was being detained in the LaSalle Detention Facility in Trout, Louisiana. The sole relief requested was release from custody pending removal, pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

On February 27, 2012, the respondent filed a motion to dismiss Damarville's petition (Doc. 9) showing through the declaration of Brian Gueringer, Assistant Field Office Director of ICE, that Damarville was removed from the United States on January 9, 2012 (Doc. 11-2). Since Damarville was removed from the country and is no longer being detained, the petition is rendered moot and should be dismissed.

## Conclusion

IT IS RECOMMENDED that the motion to dismiss (Doc. 9) be GRANTED and Damarville's habeas petition (Doc. 1) be DENIED AND DISMISSED WITHOUT PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 26 day of March, 2012

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE